IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Royal International, LLC., | |
| Plaintiff, | Case No.: 3: 22-CV-00051 |
| v. | Judge: |
| Tractor Supply Company | Magistrate: |
| Defendant. | |
| | JURY DEMAND |

# COMPLAINT

Plaintiff Royal International, LLC., hereby files this Complaint for, *inter alia*, copyright infringement, trademark infringement, and related claims against Defendant, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

## THE PARTIES

1. Royal International, LLC., is an Ohio corporation that maintains its principal place of business at 7900 Whipple Ave NW, North Canton, Ohio 44720.

2. Upon information and belief, Defendant Tractor Supply Company is a Delaware corporation headquartered at 5401 Virginia Way, Brentwood, Tennessee 37027.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for trademark infringement, unfair competition, and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., (the "Lanham Act"), copyright infringement under the Copyright Act, 17 U.S.C. § et seq., and for unlawful and deceptive acts and practices under the laws of the State of Texas.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Texas.

5. This Court has personal jurisdiction over Defendant in that they transact business in the State of Texas and in the Western District of Texas.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an entity or individual subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant directly target business activities towards consumers in the State of Texas.

## PLAINTIFF'S RIGHTS

7. Plaintiff is engaged in the business of manufacturing, distributing, and retailing pet and livestock supplies, including within the Western District of Texas. One of Plaintiff's primary products are hay taks/bags and nets.

8. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the trade dress

illustrated below that is protected by U.S. Reg. No. 6, 259, 398 (the "'398 Mark"). The '398 Mark, covers the nonfunctional trade dress of the series of webbing arrayed within the horse tak/bag wherein a checkered structure of holes in a perpendicular fashion is created which is utilized in Plaintiff's hay tak/bag units. Defendant's sales of Infringing Products are in violation of Plaintiff's intellectual property rights in the '398 Mark and are irreparably damaging Plaintiff. A genuine and authentic copy of the U.S. federal



trademark registration certificate for the '398 Mark is attached as Exhibit 1. (The '398 mark shall be referred to herein as "Plaintiff's Trade Dress" or "the Trade Dress").

9. The registration is valid, subsisting, unrevoked, and uncancelled. The registration for Plaintiff's Trade Dress constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Trade Dress pursuant to 15 U.S.C. § 1057(b).

10. Plaintiff's Trade Dress is a recognized trademark. Plaintiff has been using the Trade Dress for in connection with the advertising and sale of hay taks/bags ("Plaintiff's Product") in interstate commerce, including commerce in the State of Texas and the Western District of Texas.

11. Plaintiff's Trade Dress has been widely promoted, both in the United States and

throughout the internet. The whole of the consuming public associates the Trade Dress with Plaintiff, but also recognize that Plaintiff's Product sold in the United States originates exclusively with Plaintiff. Plaintiff's marketing includes television and social media advertising commercials promoting the Plaintiff's Product.

12. As of the date of this filing, Plaintiff's Product is sold throughout the nation as well as internet webstores such as Amazon.com.

13. Plaintiff maintains quality control standards for all of Plaintiff's Products. Genuine versions of Plaintiff's Products are distributed through a nationwide network of distributors and retailers.

14. The Trade Dress is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff's Product bearing the Trade Dress has generated a substantial amount of revenue for Plaintiff over the years.

15. The Trade Dress has never been assigned or licensed to the Defendant in this matter.

16. The Trade Dress is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

17. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Trade Dress.

18. Plaintiff has made a series of marketing photographs of its hay tak/bag for use in advertising ("Marketing Photographs").

19. Plaintiff registered the series of Marketing Photographs with the Copyright Office. The Marketing Photographs are registered under Copyright Registration Number VA 2-267-425. A genuine and authentic copy of the U.S. copyright registration certificate for

Plaintiff's Marketing Photographs is attached as Exhibit 2.

20. Plaintiff created the trade dress of the '398 Mark and the Marketing Photographs as Plaintiff's advertising idea to advertise and sell Plaintiff's Products ("Plaintiff's Advertising Idea").

## PLAINTIFF'S ADVERTISING INJURY CAUSED BY DEFENDANT

21. Upon information and belief Defendant has offered products for sale that compete against Plaintiff's Products ("Infringing Products"). *See* Exhibit 3 -series of true and accurate copies of Defendant's advertisements of Infringing Products.

22. Defendant used Plaintiff's Trade Dress and Plaintiff's Advertising Idea in advertisements that were published to the general public about Defendant's Infringing Products for the purpose of attracting customers. *Id*.

23. Upon information and belief Defendant has offered products for sale that compete against Plaintiff's Products ("Infringing Products"). Upon information and belief, Defendant has advertised these Infringing Products through its own website, www.tractorsupply.com.

24. Defendant has infringed Plaintiff's Trade Dress and Plaintiff's Advertising Idea by utilizing Plaintiff's Trade Dress in its advertisements for Infringing Products on [www.tractorsupply.com](www.tractorsupply.com)

25. Defendant's use of Plaintiff's Advertising Idea in Defendant's advertisements has caused damage to Plaintiff.

26. Defendant's use of the Trade Dress on or in connection with the advertising and marketing of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and has caused damage to Plaintiff.

27. Defendant has infringed Plaintiff's copyright in its Marketing Photographs by using substantially similar images in Defendant's advertisements of Infringing Products on [www.tractorsupply.com](www.tractorsupply.com)

28. Upon information and belief, Defendant has infringed Plaintiff's copyright in it's Marketing photographs by using substantially similar images in Defendant's advertisements on its website.

29. Defendant's use of images that are substantially similar to Plaintiff's Marketing Photographs in Defendant's advertisements has caused damage to Plaintiff.

### DEFENDANT'S USE OF PLAINTIFF'S TRADE DRESS

30. Upon information and belief, Defendant has manufactured, imported, distributed, offered for sale, and sold Infringing Products using the Trade Dress and, upon information and belief, continue to do so.

31. Defendant's use of the Trade Dress on or in connection with the distribution, offering for sale, and sale of the Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

32. Plaintiff has no adequate remedy at law.

### COUNT ONE
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

33. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

34. Defendant infringed upon Plaintiff's copyrighted Marketing Photographs by using substantially similar copies in defendant's advertisements.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner Defendant's use of

Plaintiff's unique and original Marketing Photographs.

36. Plaintiff was damaged by Defendant's use of Plaintiff's copyrighted Marketing Photographs in its advertisements.

37. As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $30,000.00 for each work infringed pursuant to 17 U.S.C. § 504(c).

38. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

39. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a)) ADVERTISING INJURY

40. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

41. Plaintiff's Trade Dress is nonfunctional.

42. Defendant's Infringing Products are counterfeit in that they are identical with, or substantially indistinguishable from, Plaintiff's registered Trade Dress.

43. The Plaintiff's Trade Dress, Plaintiff's Advertising Idea and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value. The Trade Dress and Plaintiff's Advertising Idea are highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Trade Dress and Plaintiff's Advertising Idea

with the Plaintiff as the source of the very highest quality products.

44. Without the Plaintiff's authorization or consent, the Defendant has utilized Plaintiff's Trade Dress and Plaintiff's Advertising Idea in the advertising to the consuming public and offering for sale Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

45. Defendant's use of Plaintiff's Trade Dress and Plaintiff's Advertising Idea in the advertising to the consuming public and offering for sale Infringing Products to the consuming public is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant- originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

46. The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

47. Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's Trade Dress and Plaintiff's Advertising Idea in the advertising to the consuming public and offering for sale Infringing Products to the consuming public creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

48. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Plaintiff's Trade Dress and Plaintiff's Advertising Idea in the advertising to the consuming public and offering for sale

Infringing Products to the consuming public, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

49. The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

50. Defendant has made, and will continue to make, substantial profits and gain from their unauthorized use of Plaintiff's Trade Dress and Plaintiff's Advertising Idea to which they are not entitled in law or equity.

51. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $200,000.00, exclusive of interest and costs.

### COUNT THREE
### TRADEMEK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114) ADVERTISING INJURY

52. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

53. Plaintiff's Trade Dress is nonfunctional.

54. The Plaintiff's Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Trade Dress is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Trade Dress with the Plaintiff as the source of the very highest quality products.

55. Without the Plaintiff's authorization or consent, the Defendant has utilized Plaintiff's

Trade Dress in advertising to the consuming public and offering for sale Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

56. Defendant advertised and offered for sale Defendant's counterfeit Infringing Products in connection with Defendant's use in commerce of Defendant's counterfeit Infringing Products.

57. Defendant advertised and offered for sale Defendant's counterfeit Infringing Products to the general consuming public.

58. Defendant's advertising and offering for sale of Defendant's counterfeit Infringing Products in commerce is likely to cause confusion, mistake, or deceive the public into believing the Infringing Products being sold by Defendant- originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

59. Defendant counterfeited Plaintiff's registered Trade Dress and applied such counterfeit to advertisements used in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendant's Infringing Products goods in connection with such counterfeiting which is likely to cause confusion, mistake, or deceive the public into believing the Infringing Products being sold by Defendant- originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

60. Defendant's activities constitute trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61. Defendant has made, and will continue to make, substantial profits and gain from their

unauthorized use of Plaintiff's Trade Dress to which they are not entitled in law or equity.

62. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of their well-known Plaintiffs' Trademarks.

63. Plaintiff has been damaged by Defendant's actions.

64. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $200,000.00, exclusive of interest and costs.

65. Alternatively, Plaintiff is entitled to statutory damages in the amount of $200,000.00 pursuant to 15 U.S.C. § 1117(c)(1).

## COUNT FOUR
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a)) TRADE DRESS INFRINGEMENT

66. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

67. Plaintiff's Trade Dress is nonfunctional.

68. Plaintiff's Trade Dress is unique and distinctive as to the source of Plaintiff's Products. Plaintiff's Trade Dress is inherently distinctive, or at the very least has acquired secondary meaning because consumers associate Plaintiff's Trade Dress with Plaintiff as the source of Plaintiff's Products. Plaintiff's Trade Dress is entitled to protection under both federal and common law.

69. The Infringing Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's Products sold and offered for sale by the Plaintiff and, as such,

Defendant's use is likely to cause confusion to the general purchasing public.

70. By misappropriating and using the Plaintiff's Trade Dress, Defendant misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

71. Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

72. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Plaintiff's Trade Dress, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

73. Defendant has made, and will continue to make, substantial profits and gain from their unauthorized use of Plaintiff's Trade Dress to which they are not entitled in law or equity.

74. The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

75. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $200,000, exclusive of interest and costs.

## COUNT FIVE
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. § 1114)

76. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

77. Plaintiff's Trade Dress is nonfunctional.

78. Plaintiff's Trade Dress Registrations are valid, enforceable, and in full force and effect.

79. Plaintiff's Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Trade Dress is highly distinctive and has become universally associated in the public mind with Plaintiff's Product.

80. Consumers associate the Plaintiff's Trade Dress with the Plaintiff as the source of the very highest quality products.

81. Without the Plaintiff's authorization or consent, the Defendant has manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

82. Defendant has sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products bearing counterfeit or infringing reproductions of Plaintiff's Trade Dress without Plaintiffs' permission or consent.

83. Defendant's unauthorized use of Plaintiff's Trade Dress is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

84. Defendant's use of copies or approximations of the Plaintiff's Trade Dress in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant- originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

85. Defendant's activities constitute trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

86. Defendant has made, and will continue to make, substantial profits and gain from their unauthorized use of Plaintiff's Trade Dress to which they are not entitled in law or equity.

87. The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

88. The injuries and damages sustained by Plaintiff has been directly and/or proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and/or sale of the Infringing Products.

89. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $200,000, exclusive of interest and costs.

90. Alternatively, Plaintiff is entitled to statutory damages in the amount of $200,000.00 pursuant to 15 U.S.C. § 1117(c)(1).

# COUNT SIX
## TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT
## (DTPA)

91. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

92. The Infringing Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

93. By misappropriating and using the Plaintiff's Trade Dress, Plaintiff's Marketing Idea, and substantially similar images as Plaintiff's Marketing Photographs, Defendant misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

94. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, advertising, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

95. Defendant's aforesaid acts are in violation of the Texas Deceptive Trade Practices-Consumer Protection Act, in that Defendant's use of the Plaintiff's Trade Dress, Plaintiff's Advertising Idea, and substantially similar images as Plaintiff's Marketing Photographs, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

96. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not

enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant in favor of the Plaintiff on all counts as follows:

1. That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    (i) using the Plaintiff's Trade Dress or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

    (ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

    (iii) committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    (iv) further infringing the Plaintiff's Trade Dress and damaging Plaintiff's goodwill;

    (v) competing unfairly with Plaintiff in any manner;

    (vi) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

offered for sale, and that bear the Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof; and

(vii) operating and/or hosting websites at any domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trade Dress; and

2. That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Trade Dress; and

(ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof.

(iii) possessing any product bearing the Plaintiff's Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trade Dress. As part of compliance with this provision, we ask that Defendant or those who

    possess Defendant's infringing goods, segregate and destroy infringing goods; and,

3.  That Defendant, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendant have complied with any and all injunctive relief ordered by this Court.

5.  That Defendant account for and pay over to Plaintiff any and all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

6.  In the alternative, that Plaintiff be awarded statutory damages of Two Hundred Thousand United States Dollars and No Cents ($200,000.00) for each and every use of the Plaintiff's Trade Dress counterfeited by each Defendant.

7.  That Defendant account for and pay over to Plaintiff any and all profits realized by Defendant attributable to the infringement of Plaintiff's copyright as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $30,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger.

8.  That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

 (i)  creating, using, publishing, distributing, publicly displaying, any image that is substantially similar to Plaintiff's copyrighted Marketing Photographs or otherwise continuing to

infringe Plaintiff's copyrighted Marketing Photographs pursuant to 17 U.S.C. § 502.

9. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

10. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: February 7, 2022

By:       /s/ Omar Darwich

Omar Darwich
Texas Bar # 24124686
The Darwich Law Firm, LLC
300 Weatherstone Drive #190
Wadsworth, OH 44281
(330) 333-0773
(915) 996 9915 (fax)
omar@darwichlegal.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 7th day of February 2022, I sent via certified mail the forgoing document to:
Defendant Tractor Supply Company
5401 Virginia Way
Brentwood, Tennessee 37027.

By: _____/s/   Omar Darwich

Omar Darwich
Texas Bar # 24124686
The Darwich Law Firm, LLC
300 Weatherstone Drive #190
Wadsworth, OH 44281
(330) 333-0773
(915) 996-9915 (fax)
omar@darwichlegal.com